EASTERN DIST.
*May*, 1838.

POULARD, C. P.,
ET AL.
*vs.*
DELAMARE
ET AL.

---

### POULARD, C. P. ET AL. *vs.* DELAMARE ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT FOR THE PARISH OF POINT COUPEE, THE JUDGE THEREOF PRESIDING.

The late Julien Poydras, provided in his will, that his slaves should be sold with and as attached to his plantations; that the purchaser should be formally bound to set free all the slaves of both sexes, twenty-five years after the day of sale ; and to keep on the plantations, without their being bound to work, all the slaves of both sexes, who shall have arrived at the *age of sixty years*, and pay annually to each of them twenty-five dollars, for their support : *Held*, that none of said slaves have the right to be emancipated until twenty-five years after the sale, even if they have attained their sixtieth year; and that no slave, having arrived at this age, can claim his stipend of twenty-five dollars per annum, and exemption from labor, until he is emancipated.

This is an action, instituted by Joseph Poulard and eleven others, (colored persons and slaves of the late Julien Poydras,) who claim to be in the condition of *statu libers*, and according to the provisions of the last will and testament of their late master, entitled to be emancipated and allowed an annual stipend of twenty-five dollars.

EASTERN DIST.    These plaintiffs appear and institute suit by Benjamin
May, 1838.    Poydras de Lalande, of the Parish of Point Coupee, in his
POULARD, C. P.,  own right, and as attorney in fact of the other relations, and
ET AL.    heirs of the late Julien Poydras, residing in France.   The
vs.
DELAMARE    petitioners allege, that Julien Poydras died in 1824, after
ET AL.    having made his olographic will, dated the 16th of April,
1822, which was duly admitted to probate, in the parish of
Point Coupee.   That by one of the clauses of said testa-
ment, the testator directed that *all his slaves* should be consi-
dered as attached to one or the other of his different planta-
tions, and should be sold with them, on the express condition
that their purchasers, their heirs and assigns, should eman-
cipate all the said slaves twenty-five years after the date of
the sale ; and that such of said slaves as should attain the
age of sixty years, before the expiration of the said twenty-
five years, should not only be free, but also have a right to
remain on the said plantations, without being required to
work, be taken care of, and treated with humanity by the
purchasers, and each receive an annuity of twenty-five dol-
lars.   That according to the provisions of said will, a planta-
tion, situated in Point Coupee, having one hundred and forty
slaves thereon, was sold by the executors of Julien Poydras,
deceased, the 18th March, 1825, to widow Charles Mourain,
for the joint account of herself and sister, wife of Alex-
ander Bormeau, both residing at Nantz, in the kingdom of
France, and represented by Gustave Delamare and P. G.
Mourain.

The petitioners allege, that they are all more than sixty
years of age, and the defendants refuse to emancipate them
and to pay them their annuity of twenty-five dollars, although
amicably requested to do so.   The petitioner, B. Poydras de
Lalande, further shows, that the facts alleged by the said
twelve *statu libers*, are strictly true, wherefore in his capacity
aforesaid, he prays that the demand of the petitioners be
granted to them, &c.  ·

The defendants denied the capacity and right of the peti-
tioners to institute this suit, and that the will of the late

Julien Poydras, disclosed a total want of right in them to maintain the action. They pray that the suit be dismissed.

EASTERN DIST.
*May,* 1838.

POULARD, c. p.,
ET AL.
*vs.*
DELAMARE
ET AL.

For answer, they aver, that the petitioners, claiming to be *statu libers,* are in fact slaves, and are bound by the terms of the will, under which they claim freedom, to remain slaves until the expiration of twenty-five years from the probate sale of the succession of the late Julien Poydras, on the 18th of March, 1825; and until the expiration of this period, none of said slaves have any claim for freedom or annuity, etc. They further aver, that some of said slaves had forfeited their rights under the will, by misconduct; that by the laws of the state, none of them could be emancipated without being sent out of the state; that the petitioners have been humanely treated; finally, they deny that the petitioners have attained the age of sixty years, and that B. Poydras de Lalande, and those he represents, have no right or authority to sue, and that he has instituted this suit through malice, etc., and that they have suffered damages in consequence thereof: wherefore they reconvene against B. Poydras de Lalande, and claim two thousand dollars in damages.

On these pleadings and issues the cause was tried before court.

The district judge on hearing the case and the evidence produced, and arguments of counsel, decreed that each of the plaintiffs recover the sum of twenty-five dollars per annum, counting from the first of January, 1836; and that B. Poydras de Lalande be apppointed curator to the said *statu libers,* to receive the said sum and dispose of the same as directed by law. The defendants appealed.

The plaintiffs prayed that the judgment be so amended as to decree them their freedom, and that they be allowed their annuities from the 1st of January, 1833.

*L. Janin,* for the plaintiffs.

*A. N. Ogden,* for the defendant.

*Martin, J.,* delivered the opinion of the court.

This is an action brought by several slaves of the late Julien Poydras, assisted by his universal legatees, to obtain

EASTERN DIST.
May, 1838.

POULARD, c. p.,
ET AL.
vs.
DELAMARE.

The late Ju-
lien Poydras
provided in his
will, that his
slaves should be
sold with, and
as attached
to his planta-
tions; that the
purchaser should
be formally
bound to set free
all the slaves of
both sexes, twen-
ty-five years af-
ter the day of
sale, and to keep
on the planta-
tions, without
their being
bound to work,
all the slaves of
both sexes, who
shall have arri-
ved at the age of
sixty years, and
pay annually to
each of them
twenty-five dol-
lars, for
their support:
Held, that none
of said slaves
have the right to
be emancipated,
until twenty-five
years after the
sale, even if they
have attained
their sixtieth
year; and that
no slave, having
arrived at this
age, can claim
his stipend of
twenty-five dol-
lars per annum
and exemption
from labor, until
he is emancipa-
ted.

their emancipation, and an annuity under the will of their former master, on an allegation that they have attained respectively their sixtieth year : the defendants, as is alleged, having become the purchasers of the plantation to which they were attached, and being bound by a clause of the contract of sale to emancipate them, and pay them the said annuity.

The defendants deny the claim of the slaves under the will of their former master, until they have attained their sixtieth year, respectively.

The court rejected the claim of the slaves to emancipation, but allowed them the stipend or annuity from the first of January, 1837. The defendants appealed, and the plaintiff and appellees have prayed that the judgment be amended, so as to decree their emancipation, and the payment of the annuity from the 1st of January, 1833.

The District Court did not err in declining to decree the emancipation of the plaintiffs. They are not entitled thereto until after the lapse of twenty-five years from the sale of the plantation, with which they were bought by the defendants. See the will of their former master. Poydras vs. Mourain. 9 *Louisiana Reports*, 493. In our opinion, the slaves, which the will requires to be kept on the plantation, with which they were bought, after their sixtieth year, free from labor, and with a yearly stipend of twenty-five dollars, for their existence and support of their old age, are those which have been emancipated. The owner of a slave cannot be compelled, even by his consent, to refrain from making him labor, when he is able to do so ; there is hardly any difference between an emancipated slave and a slave *which* cannot be compelled to labor ; the obligation to work for a master is of the essence of slavery. The yearly stipend of twenty-five dollars, is clearly given in lieu of food and raiment, which masters are compelled to give to their slaves, and to which freedom destroys the right.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be annulled, avoided and reversed, and that plaintiff's petition be dismissed with costs in both courts.