BENJAMIN POYDRAS DE LALANDE and others *v.* MADELEINE
MICHELLE GARNIER BORMEAU.

ACTION before the District Court of Pointe Coupée, *Nicholls, J.,*
by Benjamin P. de Lalande for himself, and as attorney in fact for
the other heirs of the late Julien Poydras, against the defendant, re-
presented by Gustave Delamare, her attorney in fact.

*Janin,* for the appellants.

*R. N. Ogden,* for the appellee.

BULLARD, J. The plaintiffs allege, that their ancestor, Julien
Poydras, by his will, ordered that all his slaves should be considered
as attached to one or other of his plantations, and sold therewith on
the condition, that the purchaser should emancipate them at the ex-
piration of twenty-five years after the sale ; and that such of them
as should be sixty years of age, should be free after reaching that
age, and have a right to live on the plantation, free from labor, and
should further receive a stipend of twenty-five dollars per annum.
That one of the plantations was sold to Madame Bormeau and Ma-
dame Mourain, which was afterwards partitioned between them,
and that six of the *statu liberi* fell to the share of Madame Bor-
meau, and that they were above the age of sixty on the 1st of
January, 1833, and were entitled to the benefit of said stipulations
in the contract of sale, in conformity with the testament. They
aver, that Madame Bormeau, represented by her agent, the defend-
ant, had refused to pay the said stipend, and that the *statu liberi,*
aided by one of the plaintiffs, had failed in an action to recover the
amount of the stipend thus due to them. They further allege, that
the said stipend formed a part of the price of the slaves sold, and
that said portion of the price is unpaid, and is due to the estate of
Julien Poydras. They therefore pray judgment against Delamare,
as the agent of Madame Bormeau, for the arrearages of said stipend,
to wit, nine hundred dollars, and the further annual sum of twenty-
five dollars for each of the *statu liberi,* from the 1st of January, 1839.

The plaintiffs are appellants from a judgment against them.

It appears to us, that the petition does not disclose a right of ac-
tion in the plaintiffs. Admitting their construction of the will to be
correct, and that by the conditions of the sale the purchaser bound

himself to comply with the conditions imposed by the will, it by no means follows, that the vendors, even with the right to enforce the specific performance of the contract, or to rescind the sale for a non compliance with its conditions, have a right to recover a part of the consideration in this form of action. The argument, that the annuity of twenty-five dollars per annum for such slaves as shall have attained the age of sixty, is a legacy in favor of such slaves, which has become lapsed in consequence of the incapacity of the legatees, and that therefore the plaintiffs have a right to recover it, has not much weight with us. In the case of these same slaves against Delamare, we held that ' the slaves, which the will requires to be kept on the plantation, with which they were bought, after their sixtieth year, free from labor, and with a yearly stipend of twenty-five dollars for their existence and support of their old age, are those which have been emancipated.' See 12 La., 270. The plaintiffs have no capacity to represent the *statu liberi,* and *non constat* but that their mistress will pay at a proper time, or that the *statu liberi* will coerce the payment as soon as they shall have acquired a legal capacity to act.

                                                  *Judgment affirmed,*